# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION (AKRON)

| | |
|---|---|
| IN RE: ROOSEVELT CARSON and HELEN M. CARSON | CHAPTER 13 BANKRUPTCY<br><br>CASE NO. 10-56027<br><br>ADV. PRO. NO. _____<br><br>JUDGE ALAN M. KOSCHIK |
| ROOSEVELT CARSON<br>and HELEN M. CARSON,<br>1033 Valdes Avenue<br>Akron, Ohio 44320<br><br>      Plaintiffs/Debtors,<br><br>  *v.*<br><br>GREEN TREE SERVICING LLC,<br>c/o CT Corporation System<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>and<br><br>HOUSEHOLD REALTY<br>CORPORATION a/k/a HSBC<br>MORTGAGE SERVICES INC.<br>a/k/a HOUSEHOLD FINANCE<br>CORPORATION,<br>c/o CT Corporation System<br>1300 East 9th Street<br>Cleveland, Ohio 44114<br><br>      Defendants/Creditors. | **PLAINTIFF'S COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND TO COMPEL TURNOVER OF PROPERTY** |

Plaintiffs/Debtors Roosevelt and Helen M. Carson, by and through undersigned counsel, hereby file this adversary proceeding against Defendants/Creditors Household Realty Corporation a/k/a Household Finance Corporation a/k/a HSBC Mortgage Services Inc. ("HRC") and Green Tree Servicing LLC ("GTS"), and allege as follows:

### Jurisdiction and Venue

1. This is a core bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(1), (7), and (9).

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2), 28 U.S.C. § 1334, and 11 U.S.C. § 105.

3. Venue is proper pursuant to 28 U.S.C. § 1409(a).

### Parties

4. Plaintiffs Roosevelt and Helen M. Carson are individuals residing in Akron, Summit County, Ohio, and are the Debtors in the underlying Chapter 13 bankruptcy action.

5. Defendant Household Realty Corporation is a foreign corporation whose place of incorporation is unknown.

6. Defendant Green Tree Servicing LLC is a foreign corporation whose place of incorporation is unknown.

### Factual Allegations

7. Debtors filed the within Chapter 13 bankruptcy on December 30, 2010. Notice of Chapter 13, Meeting of Creditors, and Deadlines was entered on January 8, 2011.

8. Debtors are, and at all relevant times have been, joint owners of real estate commonly known as 1033 Valdes Avenue in the County of Summit, City of Akron, Ohio 44320, and further described on page 7 of Exhibit 1.

9. At the time of filing, Defendant HRC held two mortgages on 1033 Valdes Avenue:

    a. A first mortgage incurred on September 15, 2000, for principal of $76,635.17; and

    b. A second mortgage incurred on October 26, 2001, for principal of $15,000.

10. Defendant HRC was served with notice of the within bankruptcy action and the automatic stay upon filing.

11. On February 4, 2011, the Debtors filed a Motion to Value Collateral and Avoid Lien of Household Realty Corporation.

12. This Court granted an Order valuing the second mortgage at zero dollars and voiding the lien on February 28, 2011. As a result, the second mortgage became unsecured. This Order is attached as Exhibit 1.

13. Defendant HRC was served with notice of the Order stripping the second mortgage of any security interest.

14. On information and belief, HRC sold the Debtors' second mortgage to Green Tree Servicing LLC sometime in 2014, during the pendency of the bankruptcy.

15. On June 30, 2014, GTS sent a letter directly to the Debtors stating that the servicing of their HRC loan was being transferred to GTS. This letter identified a new payment address for future payments. Said letter is attached as Exhibit 2.

16. The June 30 letter did include a note that the recipient could consider it "informational only" if the debtor was in bankruptcy or the account had been discharged. It stated that it was "not an attempt to collect the debt." Nonetheless, it identified a new remittance address for an existing debt.

17. GTS did not send the June 30 letter to Debtors' counsel. Neither HRC nor GTS advised this Court or Debtors' counsel of the account transfer.

18. The Debtors reasonably interpreted the June 30 letter as a notice of where to send future first mortgage payments. They began making payments directly to GTS, believing these payments were being made on their secured first mortgage, rather than the unsecured second mortgage, which was being paid as an unsecured creditor through the Chapter 13 plan.

19. By fax letter on September 18, 2014, HRC advised Debtors' counsel of a delinquent balance on the first mortgage. Counsel inquired about where payments had been going by letter dated September 24, 2014.

20. By letter dated November 17, 2014, HRC advised Debtors' counsel that the second mortgage had been sold to GTS.

21. The Debtors have had some arrearages on the first mortgage at various points during the bankruptcy, and there are arrearages that are not due to HRC's and GTS's actions taken in violation of stay.

22. As a result of GTS' collection activities and resulting unlawful gains from Debtors, Debtors are unsure of their current obligations toward HRC.

4

23. On information and belief, Defendant GTS received payments directly from the Debtors between July 2014 and December 2014. On information and belief, the Trustee made payments toward this same unsecured claim during the same time frame.

24. On information and belief, Defendant HRC benefited financially from its sale of this unsecured account.

25. Defendant HRC and GTS had notice of the automatic stay. They nonetheless proceeded to transfer a claim without notice to counsel or to this Court and attempted to collect on it in violation of that stay.

26. Defendant GTS did collect on a debt in violation of the stay.

## COUNT I:
### Violation of Stay (Against GTS and HRC)

27. Plaintiffs re-allege and re-incorporate Paragraphs 1 through 26 of this Complaint as though fully rewritten herein.

28. Defendants violated the provisions of the automatic stay granted under 11 U.S.C. § 362.

29. As a result of Defendants' actions, Plaintiffs suffered harm including the loss of property belonging to the estate, emotional distress, and additional attorney fees.

## COUNT II:
### Failure to Notify of Transfer of Claim (Against GTS)

30. Plaintiffs re-allege and re-incorporate Paragraphs 1 through 29 of this Complaint as though fully rewritten herein.

5

31. Defendant GTS violated the provisions of Fed. R. Bankr. P. 3001 requiring notice of the transfer of claim.

32. As a result of GTS' actions, Plaintiffs suffered harm including the loss of property belonging to the estate, emotional distress, and additional attorney fees.

**WHEREFORE**, pursuant to 11 U.S.C. § 542 and 11 U.S.C. § 362(k), Plaintiffs respectfully request the following:

a. A full accounting of proceeds paid toward the Plaintiffs' first and second mortgages during the pendency of this bankruptcy, from both Household Realty Corporation and Green Tree Servicing LLC;

b. A full accounting of the proceeds received by Household Realty Corporation from the sale of Debtors' account to Green Tree Servicing LLC;

c. A turnover to the Debtors of all property gained by the Defendants in violation of the automatic stay;

d. An award of reasonable attorney fees incurred in the investigation and prosecution of this Complaint; and

e. Such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

/s/ William M. Sremack
William M. Sremack #0006832
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
(330) 644-0061
(330) 644-7241 fax
bill@sremacklaw.com
*Counsel for Plaintiffs/Debtors*

## CERTIFICATE OF SERVICE

I hereby certify on January 12, 2015, a copy of the foregoing was sent to:

Green Tree Servicing LLC
c/o CT Corporation System
1300 East 9th St.
Cleveland, OH 44114

Household Realty Corporation
c/o CT Corporation System
1300 East 9th St.
Cleveland, OH 44114

HSBC Finance Corporation
P.O. Box 829009
Dallas, TX 75382-9009

Hilary B. Bonial
9441 LBJ Freeway, Ste. 350
Dallas, TX 75243
*Counsel for Defendant HSBC Finance Corporation*

Keith L. Rucinski, Chapter 13 Trustee (via ECF)

US Trustee (via ECF)

    Respectfully submitted,

    /s/ William M. Sremack
    William M. Sremack #0006832
    Sremack Law Firm LLC
    *Counsel for Plaintiffs/Debtors*